UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TOMMY LEE RUTLEDGE, | ) |
| Petitioner, | ) |
| v. | ) No. 2:19-cv-00034-JPH-DLP |
| J.R. BELL, | ) |
| Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Directing Entry of Final Judgment**

In 1992, a jury convicted petitioner Tommy Lee Rutledge of several drug and firearm offenses. He seeks relief from his conviction and sentence pursuant to 28 U.S.C. § 2241. For the following reasons, Mr. Rutledge's habeas petition must be **denied**.

I. Procedural and Factual Background

In 1992, a jury convicted Mr. Rutledge of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, conducting a continuing criminal enterprise in violation of 21 U.S.C. § 848, distribution of cocaine in violation of 21 U.S.C. § 841(a), possession of a firearm by a felon in violation of 18 U.S.C. § 922(g), and two counts of using or carrying a firearm during the commission of a drug felony in violation of 18 U.S.C. § 924(c). *United States v. Rutledge*, 40 F.3d 879, 882 (7th Cir. 1994), *overruled by Rutledge v. United States*, 517 U.S. 292 (1996). The Seventh Circuit affirmed Mr. Rutledge's conviction and sentence. *Id*.

The Supreme Court, however, found that Mr. Rutledge's conviction for conspiracy to distribute cocaine was a lesser included offense of his conviction for conducting a continuing criminal enterprise. *Rutledge v. United States*, 517 U.S. 292, 300 (1996). It remanded the case to the district court with instructions to vacate either the conspiracy or continuing criminal enterprise

1

conviction. *Id.* at 307. The district court thereafter vacated the conspiracy conviction. *Rutledge v. United States*, 22 F. Supp.2d 871, 874 (C.D. Ill. 1998).

Mr. Rutledge then filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Id.* The district court vacated the continuing criminal enterprise conviction, reinstated the conspiracy conviction, reduced the sentence on the distribution conviction, affirmed the felon in possession conviction, and vacated the two convictions for using or carrying a firearm during a drug offense. *Id.* at 885. It directed entry of a new sentencing order reflecting its rulings without conducting a resentencing hearing. *Id.* The Seventh Circuit affirmed, *Rutledge v. United States*, 230 F.3d 1041 (7th Cir. 2000), and the Supreme Court denied Mr. Rutledge's petition for a writ of certiorari, *Rutledge v. United States*, 531 U.S. 1199 (2001).

Mr. Rutledge has since filed numerous additional collateral attacks to his conviction and sentence. *See, e.g.*, *Rutledge v. United States*, No. 02-3121 (7th Cir. 2002) (affirming dismissal of second § 2255 motion because it was second or successive); *Rutledge v. United States*, No. 97-4054, 2007 WL 4553062, *2 (C.D. Ill. Dec. 19, 2007) (dismissing Rule 60(b) motion for lack of jurisdiction); *Rutledge v. United States*, No. 12-3673 (7th Cir. 2013) (imposing fine on Mr. Rutledge because he filed a sixth successive collateral attack on his conviction without permission); *Rutledge v. Cross*, No. 3:14-cv-00539-DRH (S.D. Ill. 2014) (denying § 2241 petition and two Rule 59(e) motions to alter or amend judgment).

Mr. Rutledge filed a § 2241 motion in this Court in January 2019. He contends that he is being unconstitutionally detained because the District Court amended his sentence in response to his § 2255 motion without conducting a resentencing hearing. He alleges that doing so violated his right to be present and allocute. Dkt. 1. at 6-7.

## II. Discussion

In this § 2241 petition, Mr. Rutledge argues that his sentence is invalid because he was not present at his resentencing hearing and thus was denied his right to allocute. Dkt. 1 at 6-7. The respondent argues that Mr. Rutledge's claim is not cognizable under § 2241 because he had an opportunity to raise this claim in a motion under 28 U.S.C. § 2255.

### A. Standards Under § 2241

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). Under very limited circumstances, however, a prisoner may employ section 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018).

Section 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (citing *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc)). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed § 2255(e), referred to as the "savings clause," in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial

3

> rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611. "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.

Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown*, 719 F.3d at 586; *see also Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions and holding that re-litigation under § 2241 of a contention that was resolved in a proceeding under § 2255 is prohibited unless the law changed after the initial collateral review). If a petitioner cannot meet all three conditions, he is not entitled to proceed under § 2241. *See, e.g.*, *Davis*, 863 F.3d at 964-65 (affirming denial of relief under § 2241 because petitioner could not establish third *Davenport* requirement).

### B. Mr. Rutledge's Claim

Mr. Rutledge contends that the District Court should have conducted a resentencing hearing after granting in part his § 2255 motion. He asserts that entering a new sentencing order without conducting a resentencing hearing violated his right to be present and his right to allocute.

Mr. Rutledge cannot obtain relief under § 2241, however, because he cannot satisfy the second *Davenport* factor. Specifically, Mr. Rutledge has not shown that his claim is based upon a new rule that was previously unavailable. *See Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020) (identifying the "three-part test for determining whether § 2255 is 'inadequate or

4

ineffective'"). The claim Mr. Rutledge raises in this § 2241 motion was available to him at the time of his direct appeal of the ruling on his § 2255 motion and his subsequent collateral attacks. He cites no change in the law underlying this claim that made it previously unavailable to him. Consequently, he cannot show that § 2255 is inadequate or ineffective, and he cannot pursue this claim under § 2241. *See Roundtree*, 910 F.3d at 313 (relief under § 2241 is available when § 2255 is inadequate or ineffective to challenge the detention).

### III.    Conclusion

For the foregoing reasons, Tommy Rutledge's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 900 (7th Cir. 2017) ("[P]etition should be dismissed with prejudice under 28 U.S.C. § 2255(e)."). Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 10/7/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TOMMY LEE RUTLEDGE
08829-026
SPRINGFIELD - MCFP
SPRINGFIELD MEDICAL CENTER/FEDERAL PRISONERS
Inmate Mail/Parcels
P.O. BOX 4000
SPRINGFIELD, MO 65801

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov